UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
JAMES BRIAN WRIGHT,              )
                                 )
     Plaintiff,                  )
                                 )
          v.                     )   NO.  3:11-0464
                                 )   Judge Haynes/Bryant
J&S EXTRADITION SERVICES, LLC,   )
et al.,                          )
                                 )
     Defendants.                 )
```

## MEMORANDUM AND ORDER

Plaintiff James Brian Wright, a prisoner proceeding pro se, has filed his "Motion for Alternative Service of Process" (Docket Entry No. 44), by which he seeks an order authorizing service of process upon defendants in this case by email or facsimile transmission.

In his motion papers, plaintiff describes the efforts he has undertaken in order to obtain service on J&S Extradition Services, LLC and certain of the individual defendants. Plaintiff has concluded, perhaps with justification, that at least some of these defendants are intentionally seeking to avoid service of process. Plaintiff therefore seeks an order of this Court authorizing him to serve copies of the summons and complaint upon these defendants by email or facsimile transmission (Docket Entry No. 45 at 9).

Rule 4 of the Federal Rules of Civil Procedure governs service of process in federal district courts. In general, Rule 4 provides that individual defendants within this judicial district

may be served in a manner authorized by state law for serving process in the state courts of general jurisdiction or, alternatively, by any of the three ways described in Rule 4(e)(2). Similarly, Rule 4(h) describes the manner in which service is to be obtained on a corporation or other unincorporated association. Significantly, neither of the foregoing subsections of Rule 4 authorizes service of process by email or by facsimile transmission.

As grounds for his motion, plaintiff cites Rule 4(f)(3). However, Rule 4(f) expressly pertains to service on an individual in a foreign country, which is not applicable here. Similarly, the only case cited by defendant that authorizes service of process by electronic means involves a defendant in China. See <u>Chanel, Inc. v. Song Xu</u>, 2010 WL 396357 (W.D. Tenn. Jan. 27, 2010). The remaining authorities cited by plaintiff do not support the relief he seeks, and none of his authorities stands for the proposition that a defendant within the district may be served by email or facsimile transmission.

For the reasons stated above in this memorandum, plaintiff's Motion for Alternative Service of Process (Docket Entry No. 44) is **DENIED**.

It is so **ORDERED**.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge